D. MICHAEL EAKIN
Eakin Berry & Grygiel, PLLC
2815 Montana Ave.
P.O. Box 2218
Billings, MT 59103
(406) 969-6001; Fax: (406) 969-6007
Email: eakin.406law@gmail.com

JOHN HEENAN
Bishop & Heenan
1631 Zimmerman Trail
Billings, MT 59102
(406) 839-9091; Fax (406)893-3093
Email: john@bishopandheenan.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| WILLIAM WITTMAN and AMBER BELLAMY, for themselves and all others similarly situated, | ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| vs. | ) ) | COMPLAINT AND |
| CB1, INC., | ) ) | JURY DEMAND |
| Defendant. | ) ) | PUTATIVE CLASS ACTION |

COME NOW the Plaintiffs and for their complaint respectfully show the Court as follows:

1

## TYPE OF ACTION

1. This is a putative class action brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Montana Consumer Protection Act (Montana CPA), 30-14-101 et seq. MCA. Plaintiffs bring this action for themselves individually and for all persons similarly situated.

## JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The court has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this division of the District of Montana since the actions giving rise to the causes of action of the named Plaintiffs occurred in Yellowstone County, Montana, Defendant maintains an office in Yellowstone County and the named Plaintiffs reside in Yellowstone County.

## PARTIES

4. Named Plaintiffs are natural persons who resides in Yellowstone County, Montana. Members of the proposed class are natural persons who have had consumer debts placed with the Defendant for collection. A vast majority of the proposed class are Montana residents who have incurred consumer debt in Montana.

5. Defendant CB1, Inc. is a Montana corporation. It maintains an office in Yellowstone County, Montana at 200 N. 34th St., Billings, MT 59101.

## FACTUAL ALLEGATIONS

6. Plaintiff William Wittman incurred medical bills at the Billings Clinic for treatment of various health issues. The medical bills are consumer debts.

7. The bills were placed for collection with Defendant.

8. Defendant sent requests for payment on the debt to Plaintiff William Wittman. The request for payment indicated that Defendant would charge a fee of 2½% if the debt were paid with a credit or debit card account.

9. Plaintiff William Wittman made payments to Defendant using a debit card. The payments were made at Defendant's office in Billings, Montana. Defendant added a 2.5% fee for use of the debit card for each payment made.

10. Plaintiff Amber Bellamy incurred medical bills at the Billings Clinic for treatment of various health issues. The medical bills are consumer debts.

11. The bills were placed for collection with Defendant.

12. Defendant sent requests for payment on the debt to Plaintiff Amber Bellamy. The request for payment indicated that Defendant would charge a fee of 2.5% if the debt were paid with a credit or debit card account.

13. Plaintiff Amber Bellamy made payments to Defendant using a debit

3

card. The payments were made at Defendant's office in Billings, Montana. Defendant added a 2.5% fee for use of the debit card for each payment made.

14. Members of the Plaintiff class incurred consumer debt for various personal, family or household purposes.

15. These consumer debts were placed with Defendant for collection.

16. Defendant sent requests for payment to members of the proposed class. The requests indicated that Defendant would charge a fee of 2.5% if the debt were paid with a credit or debit card account.

17. Some members of the proposed class paid on their debts with a credit or debit card account. Defendant added a 2.5% fee for use of the debit card for each payment made.

18. Upon Information and belief, Defendant agreed with card issuers *not* to charge a fee to consumers for using a credit card.

19. The named Plaintiffs and each member of the subclass are third party beneficiaries of that agreement not to charge a fee for use of a credit or debit card account.

## CLASS ALLEGATIONS

20. The proposed class consists of all persons to whom Defendant sent a request for payment on a consumer debt in which the request indicated that

4

Defendant would charge a fee if the debt or portion of the debt were paid with a credit or debit card account.

21. A subclass consists of members of the class who have paid Defendant on consumer debts using a credit or debit card account and who were charged a convenience fee for doing so.

22. The legal claims of the proposed class are identical to those of the named plaintiffs. Because the claims of each member of the class arise from the representation in the collection notice that Defendant is entitled to charge a fee for the use of credit or debit card, the identical legal claims legal claims are present for each named plaintiff and each member of the proposed class. There are question of law and fact that are common to the named Plaintiffs and those of the proposed class.

23. The legal claims predominate over any minor factual differences between the Plaintiffs or class members.

24. The class members are consumers who may be unable to locate or afford counsel. Most are probably unaware that their legal rights have been violate. The amount of damages per consumer, while not insignificant, are generally small and thus a consumer class action is particularly well suited to address violations and for recovery by the class.

25. The legal claims of the subclass are identical to those of the named

plaintiffs. Because the claims of each member of the subclass arise from the charge of a fee for the use of credit or debit card account, the identical legal claims legal claims are present for each named plaintiff and each member of the proposed subclass. There are question of law and fact that are common to the named Plaintiffs and those of the proposed subclass.

26. The named Plaintiffs' claims are typical of those of the proposed subclass.

27. The subclass members are consumers who may be unable to locate or afford counsel. Most are probably unaware that their legal rights have been violate. The amount of damages per consumer, while not insignificant, are generally small and thus a consumer class action is particularly well suited to address violations and for recovery by the subclass.

28. The named Plaintiffs will adequately and fairly represent the interests of the class and the subclass.

29. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### Count I – Fair Debt Collection - False Representation

30. Plaintiffs incorporate the above facts.

31. A debt collector is prohibited from making false representations to a consumer debtor concerning compensation which may be lawfully received by any debt collector. 15 U.S. C. § 1692e(2)(B).

32. A debt collector may not collect any amount that is not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f (1).

33. A fee for use of a credit or debit card account is not expressly permitted by Montana or federal law and was not contained in the agreements creating the debts of the named Plaintiffs or the Plaintiff class.

34. Defendant represented to Plaintiffs and to the class that it could charge a 2.5% fee for payments received by use of a credit or debit card account. The representation that Defendant could charge such a fee for use of a credit or debit card account violates 15 U.S.C. § 1692e(2)(B).

35. Defendant collected such a fee from Plaintiffs and from members of the subclass. Defendant's collection of the fee for use of a credit or debit account violates 15 U.S.C. § 1692f (1).

36. Defendant violated 15 U.S.C. § 1692e(B)(2) by representing that it could collect a 2.5% fee that it had contracted not to charge.

37. Defendant violated 15 U.S.C. § 1692f(1) by actually collecting the fee

7

it had contracted not to collect.

38. Each named Plaintiff is entitled to recover actual damages of amounts paid in added fees plus $1000 in statutory damages. 15 U.S.C. § 1692k.

39. Plaintiff class is entitled to recover 1% of Defendant's net worth. 15 U.S.C. § 1692k (2)(B).

40. Plaintiffs are entitled to a declaratory judgment that representation that a convenience fee can be charged and collection of such a fee violate the FDCPA.

41. Plaintiffs are entitled to recover their attorney fees for pursuing this action.

### COUNT II – Montana Consumer Protection Act

42. Plaintiffs incorporate the above facts.

43. Charging consumers a fee for a charge that is not legally permitted violates the Montana Consumer Protection Act. Defendant charged such a fee to Plaintiffs and members of the subclass.

44. Charging consumers a fee that Defendant had contracted not to charge violates the Montana Consumer Protection Act. Defendant charged such a fee to Plaintiffs and members of the subclass.

45. The named Plaintiffs and each member of the subclass suffered an ascertainable loss when Defendant charged a fee for using a debit or credit card

account.

46. Upon Information and belief, Defendant agreed with card issuers not to charge a fee to consumers for using a credit card.

47. The named Plaintiffs and each member of the subclass are third party beneficiaries of that agreement not to charge a fee for use of a credit or debit card account.

48. The named Plaintiffs and each member of the subclass suffered an ascertainable loss when they were charged a fee for using a debit or credit card account.

49. Each named Plaintiff and each member of the subclass are entitled to recover $500.00 the for Defendant's unfair practice of charging a fee for the use of a credit or debit card account to pay a consumer debt to Defendant.

50. Plaintiffs are entitled to recover their attorney fees in this action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims.

WHEREFORE, Plaintiffs pray for relief as follows:

1. This Court certify the class and subclass and appoint Plaintiffs as Class representatives and their counsel as class counsel;

2. Plaintiffs be awarded their actual damages and statutory damages as permitted by 15 U.S.C. § 1692k(a)(1) and (2)(A);

3. Members of the class be awarded statutory damages as permitted by 15 U.S.C. § 1692k(a)(2)(B);

4. Each Plaintiff and each member of the subclass be awarded $500 on Count II, the Montana CPA claim;

5. Plaintiffs' costs and attorney fees;

6. Entry of a declaratory judgment;

7. Such other relief as this Court deems just.

Dated this ___ day of October, 2015.

/s/ John Heenan

/s/ D. Michael Eakin
D. MICHAEL EAKIN