IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| WILLIAM WITTMAN and AMBER BELLAMY, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CB1, INC.,<br><br>Defendant. | CV 15-105-BLG-SPW-CSO<br><br>**ORDER** |

Plaintiffs William Wittman and Amber Bellamy ("Plaintiffs") bring this putative class action against CB1, Inc. ("CB1") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Montana Consumer Protection Act ("MCPA"), MCA §§ 30-14-101 *et seq.*

The following four motions are now pending:

(1) CB1's motion (*ECF No.* 16)[1] to dismiss the Complaint for failure to state a claim and to strike the class allegations;

(2) CB1's motion (*ECF No. 12*) for judicial notice;

---

[1] "*ECF No.*" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* References to page numbers are to those assigned by ECF.

(3) Plaintiffs motion (*ECF No. 16*) for judicial notice; and

(4) CB1's unopposed motion (*ECF No. 21*) for a hearing on CB1's motion to dismiss the Complaint and strike the class allegations.

This Order resolves the motions for judicial notice and the motion for a hearing. The motion to dismiss will be addressed in subsequent proceedings.

I. **BACKGROUND**

Count I of the Complaint alleges that CB1 violated FDCPA sections 1692f(1) and 1692e(2)(B) by: (1) making false representations concerning compensation that may be lawfully received by a debt collector; and (2) collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. *ECF No. 1* at 6–8.

Count II of the Complaint alleges that CB1 violated the MCPA by charging consumers a credit-card or debit-card fee that is not legally permitted, that CB1 had contracted with consumers not to charge, and that it had agreed with card issuers not to charge. *ECF No. 1* at 8–9.

II. **PARTIES' ARGUMENTS**

CB1 argues the Court should take judicial notice of two exhibits: (1) "true and correct copy of Billings Clinic's Conditions of Registration

Agreement . . . referenced in paragraphs 6 and 10 of the Complaint[;]" and (2) a "true and correct copy of the re-populated payment requests sent to Plaintiffs which is referenced in paragraphs 8 and 12 of the Complaint." *ECF No. 12*. CB1 argues the Court should take judicial notice of these documents because "Plaintiffs generally reference and rely upon" the documents in the Complaint, and their accuracy cannot be disputed. *ECF No. 12* at 4.

CB1 argues that the Court should consider the Conditions of Registration Agreement ("CRA") because the Plaintiffs' FDCPA claim hinges on whether they agreed to the transaction fee, and the CRA provides that the signor agrees to pay all collection expenses or attorney's fees. *ECF No. 18* at 3–4. It argues that the documents should be judicially noticed and that the motion should not be treated as a motion for summary judgment because the documents are all incorporated by reference in the Complaint. *Id.* at 4–5.

In response, Plaintiffs do not object to the Court considering the demand notices but do object to the Court considering the CRA. *ECF No. 15* at 3. Plaintiffs argue that the CRA is not referenced in the Complaint and does not meet the requirements of Federal Rule of

Evidence 201(b)(1) because it is subject to reasonable dispute and is not generally known within the trial court's territorial jurisdiction. *Id.* Plaintiffs argue that the CRA is used for admission to the Billings Clinic hospital and not for an office visit. Plaintiffs additionally provide affidavits stating that they did not receive the CRA or sign such a document. *Id.* at 4; *ECF Nos. 15-1 and 15-2*.

The Plaintiffs' request for judicial notice involves four documents: (1) a copy of a CB1 receipt reflecting payments on Plaintiff William Wittman's account, referenced in paragraphs 9 and 35 of the Complaint; (2) a copy of a CB1 receipt reflecting payments on Plaintiff Amber Bellamy's account, referenced in paragraphs 13 and 35 of the Complaint; (3) VISA Core Rules, referenced in paragraphs 18 and 19 of the Complaint; and (4) MasterCard Merchant Agreement, referenced in paragraphs 18 and 19 of the Complaint. *ECF No. 16.* Plaintiffs argue that the four documents they provide are: (1) alleged in the Complaint; (2) relevant to showing the fees were paid and that an agreement existed to not collect such fees; and (3) authentic because CB1 did not argue it was not bound by the contracts and in its own motion argued that a lack of denial is an admission of authenticity. *ECF No. 23.*

In response, CB1 argues that the Court should not take judicial notice of the documents because they are not alleged in the Complaint and their relevance has not been established. *ECF No. 19* at 2. It argues that "Plaintiffs do not refer to the Visa and MasterCard rules, directly or indirectly, in the Complaint, and Plaintiffs do not allege that any contracts exist between CB1 and either Visa or MasterCard." *Id.*

### III. <u>LEGAL STANDARD</u>

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Federal Rule of Civil Procedure 12(b)(6) motion without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). As an exception to this rule, the court may consider matters of public record or material properly submitted as part of the complaint. *Id.* When a complaint necessarily relies on a document that is not physically attached to the complaint, the Court may consider it "if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); and

*Lee*, 250 F.3d at 688). "But the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settle. v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

The decision to accept and consider extrinsic materials offered in connection to a motion to dismiss is discretionary. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Thus, if the necessary prerequisites are met, the court may—but is not required to—incorporate the documents by reference into the complaint for the purposes of deciding a motion to dismiss. *Id.*

## IV. DISCUSSION

Turning first to the CRA, the Court notes that CB1 provided an unsigned and undated copy of a CRA, which it asserts every patient at Billings Clinic must sign. Plaintiffs, however, contest the authenticity of this document by providing affidavits that state neither Plaintiff signed such an agreement. A court cannot, "on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Corinthian Colleges*, 655 F.3d at 999. Here, the CRA is not signed by either Plaintiff, and

Plaintiffs specifically deny having signed such an agreement. Thus, the Court declines to take judicial notice of the CRA.

Next, CB1 disputes the authenticity of the VISA Core Rules and the MasterCard Merchant Agreement. While the Complaint "upon information and belief" does generally reference agreements with card issuers, the Court does not find those references to be sufficiently detailed to take judicial notice of the specific agreements attached to Plaintiff's motion. Thus, the motion for judicial notice of these card issuer agreements will be denied.

Finally, the payment requests and the payment receipts are mentioned in the Complaint and appear to be central to Plaintiffs' allegations. Because there is no objection to CB1's request for judicial notice of the payment requests, and because judicial notice appears to be proper, the Court will grant CB1's motion to this extent. But the Court declines to take judicial notice of the payment receipts. Although CB1 does not clearly take issue with the authenticity of these documents, it does object to judicial notice of them. And the Complaint does not refer to these specific documents. It would be inappropriate under these circumstances for the Court to take judicial notice of them.

V.  **CONCLUSION**

Accordingly, **IT IS ORDERED** that:

(1)  CB1's motion that the Court take judicial notice (*ECF No. 12*) is **DENIED** with respect to Exhibit A (Billings Clinic's Conditions of Registration Agreement) and **GRANTED** with respect to Exhibit B (true and correct copies of re-populated payments requests sent to Plaintiffs); and

(2)  Plaintiffs' motion for judicial notice (*ECF No. 16*) is **DENIED**.

**IT IS FURTHER ORDERED** that CB1's unopposed motion for a hearing (*ECF No. 21*) on its Motion to Dismiss Complaint and Strike Class Allegations is **GRANTED.  T**he Court will hear oral argument on this motion to dismiss on **Friday, March 25, 2016, at 9:00 A.M.**

DATED this 18th day of February, 2016.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge