IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM WITTMAN and AMBER BELLAMY, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CB1, INC.,<br><br>Defendant. | CV 15-105-BLG-BMM<br><br>**ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |

Magistrate Judge Carolyn Otsby entered Findings and Recommendations in this matter on April 8, 2016. (Doc. 33.) Judge Otsby recommends that this Court deny CB1's motion to dismiss and strike class allegations. (Doc. 10.) CB1 filed objections to Judge Otsby's Findings and Recommendations on April 25, 2016. (Doc. 37.) The objection period expired, however, on April 22, 2016. The Court will therefore review the Magistrate's Findings and Recommendations for clear. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Alternatively, where a party's objections constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same

arguments" set forth in the original motion, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard,* 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Plaintiffs William Wittman and Amber Bellamy ("Plaintiffs") bring this putative class action against CB1, Inc. ("CB1") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Montana Consumer Protection Act ("MCPA"), MCA §§ 30–14–101 *et seq*. The parties remain familiar with the background facts, and the Court will recite them herein only as necessary.

## STANDARD

This Court will dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the complaint either: (1) lacks a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Federal Rule of Civil Procedure 8(a)(2) informs the Court's standard of review under Rule 12(b)(6), which requires that a pleading contain a "short and plain statement of the claim" showing that the pleader proves entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that, if the Court accepted as true, would state a claim for relief plausible on its face. Fed. R. Civ. P. 12(b)(6). The plaintiff must plead factual content that allows a court to draw the reasonable inference that the defendant proves liable for the misconduct alleged. *Id*. The plausibility determination remains context specific. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). Courts should draw on judicial experience and common sense to evaluate a complaint. *Id*.

The Ninth Circuit summarized the test in *Levitt*: first, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Id*. (citations omitted). Second, the factual allegations that a court takes as true plausibly must suggest an entitlement to relief, such that it would not be unfair for a court to require the opposing party to remain subjected to the expense of discovery and continued litigation. *Id*.

## DISCUSSION

The Court agrees with the Magistrate Judge Otsby's determination that Plaintiffs adequately have stated a claim for relief under sections 1692f and 1692e(2)(B) of the FDCPA. The Court also agrees with the Magistrate's

determination that Plaintiffs adequately have stated a claim for relief under the MCPA. The Court will deny, therefore, CB1's motion to dismiss and to strike class allegations, for the reasons outlined below.

**Count I: FDCPA**

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Pursuant to the FDCPA, the court must evaluate claims under the least sophisticated debtor standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007). This standard requires a court to ask whether the "least sophisticated debtor" likely would be misled by a communication from a debt collector. *Id*. The Ninth Circuit articulated the least sophisticated debtor standard to protect all consumers, regardless of the consumer's sophistication. *Id*. The FDCPA constitutes a strict liability statute. *Id*.

To allege a claim under the FDCPA, a plaintiff must establish that: (1) the plaintiff constitutes a consumer; (2) who was the object of a collection activity arising from a debt; (3) the defendant constitutes a debt collector; and (4) the

defendant violated a provision of the FDCPA. *Flores v. Collection Consultants of California*, 2015 WL 4254032, at *4 (C.D. Cal. Mar. 20, 2015) (citations omitted).

CB1 argues that Plaintiffs have failed to allege adequately the fourth element—a violation of a provision of the FDCPA. Plaintiffs assert violations under two provisions of the FDCPA, sections 1692f(1) and 1692e(2)(B). The Court will address in turn the Magistrate's analysis on each statutory subsection.

1. **SECTION 1692f**

Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. It constitutes a violation of this provision for a debt collector to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation)" unless the agreement that created the debt expressly authorizes such amount or it proves permitted by law. 15 U.S.C. § 1692f(1).

    a. **Incidental to the Principal Obligation**

CB1 argues that the fee at issue fails to constitute a fee incidental to the principal obligation, but remains instead a voluntary, opt-in fee. (Doc. 11 at 14–15.) CB1 argues that it imposes the fee only if the consumer chooses to pay by debit or credit card. (*Id.*) Judge Otsby, in construing the Complaint's factual allegations as

true, determined that Plaintiffs adequately have alleged that CB1 imposed an incidental fee in the payment of their debt. This incidental fee falls within the scope of Section 1692f(1). (Doc. 33 at 14.)

The Ninth Circuit has not yet considered whether the FDCPA permits a transaction fee like the one at issue in this case. A single district court within the Ninth Circuit has determined that a flat fee charged for paying a debt by credit card, rather than by other means, was not incidental to the principal obligation. *Flores*, 2015 WL 4254032 at *8–10. The majority of courts have determined, however, that similar flat transaction fees are incidental to the principal obligation, and, thus, fall under the scope of the FDCPA. *See Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1020 (E.D. Mo. 2015); *Quinteros v. MBI Associates, Inc.*, 999 F. Supp. 2d 434, 438 (E.D.N.Y. 2014); *Shami v. Natl. Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 2005 U.S. Dist. LEXIS 48493 (N.D. Ill. Feb. 3, 2005).

This Court must construe the FDCPA liberally in favor of the consumer. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). This Court remains persuaded that a transaction fee of 2.5% imposed for using a certain payment method should be considered incidental to the principal obligation.

CB1 argues that the Court should adopt the reasoning of *Flores*. The Court disagrees. *Flores* relied on the analyses of several out of circuit district court decisions. *Flores*, 2015 WL 4254032, at *9–10, discussing *Shami*, 2010 WL 3824151, at *1, and *Quinteros v. MBI Associates, Inc.*, 999 F.Supp.2d 434, 437 (E.D.N.Y. 2014). *Flores* reasoned that the "cited cases both supported the proposition that the transaction fee at issue was permissible where there were other payment options and the charge did not inure benefits to the collector." *Id.*

The fee in *Flores* was a flat "$5.00 convenience fee for all credit card transactions." *Flores*, 2015 WL 4254032, at *2. The fee at issue here, by contrast, represents a "2.5% surcharge" added to payments made via debit or credit card. (Doc. 12-2.) The record before the Court proves unclear as to whether CB1 retains any portion of the transaction fee. CB1 has failed at this point to demonstrate that it passes along any portion of the fee to a third party who imposes the fee for use of a debit or credit card. As such, the Court cannot assume that CB1 "did not inure benefits" from collecting the 2.5% fee.

The amount that CB1 charges a consumer would be directly incidental to the underlying debt. CB1 uses a 2.5% surcharge rather than a flat fee. *Flores* permitted a flat $5 fee regardless of the amount of the debt. The reasoning of *Flores* cannot be

7

used to condone application of a fee that potentially could run into the hundreds, if not thousands, of dollars, for an individual debtor.

The Magistrate Judge properly determined that Plaintiffs adequately have alleged that CB1 imposed an incidental fee in the payment of their debt. Such a fee would fall under the scope of Section 1692(f).

### b. Permitted by Agreement or Law

CB1 next argues that Plaintiffs have failed to state a claim because both the agreement and the law permit the fee. (Doc. 11 at 11–14.) CB1 contends that the Electronic Funds Transfer Act ("EFTA") permits the type of fee at issue in this case. (*Id.* at 12–14.)

Plaintiffs adequately have alleged that the agreement failed expressly to permit the fee. CB1 argues that Plaintiffs agreed to pay all collection expenses. CB1 suggests that the fee at issue constitutes a collection expense. The record now before the Court contains nothing to indicate that the fee at issue related to a collection expense. The Complaint alleges that the agreements creating the debts of the named Plaintiffs or the Plaintiff class contained no such fee. (Doc. 1 at 7.)

The Complaint further alleges that not only did the Plaintiffs not agree to the fee, but that "[u]pon information and belief, Defendant agreed with card issuers ***not*** to charge a fee to consumers for using a credit card." (*Id.* at 4) (emphasis in

original.) The Court must construe Plaintiffs' well-pleaded factual allegations as true at this stage. *See Levitt*, 765 F.3d at 1135. Based on the allegations in the Complaint, the Court agrees with the Magistrate's determination that the agreement fails to expressly permit the fee.

CB1 next asserts that the EFTA permits the fee. The Magistrate Judge determined that the record lacked sufficient evidence to assess that claim. This Court agrees that CB1 has failed to demonstrate that the 2.5% fee proves proportional to any cost actually incurred for having accepted a payment with a debit or credit card. CB1 also has failed to demonstrate that the EFTA affirmatively allows a merchant to pass off a 2.5% transaction fee to the consumer. CB1 instead argues that it did not issue the debt, and, therefore, cannot be considered an "issuer" under the EFTA.

Whether the Court will permit a transaction fee of the type at issue turns on the nature and circumstances of the fee. The Court must draw all inferences in favor of the Plaintiffs. Plaintiffs need only to state enough plausibly to suggest that they prove entitled to relief. *Bell A. Corp. v. Twombly*, 550 U.S. 544, 556–557 (2007). The Court agrees with the Magistrate Judge's determination that the nature of the fee proves unclear.

CB1 has failed to demonstrate that the EFTA affirmatively permits the fee. The parties do not dispute that CB1 collected a percentage fee. (Doc. 1 at 3–4.) The Magistrate Judge took judicial notice of the 2.5% surcharge for use of a credit or debit card. (Doc. 12-2.) The Court must construe the factual allegations of the Complaint as true. In so doing, the Court finds that Plaintiffs adequately have stated a claim for relief. The Court denies CB1's motion to dismiss Plaintiffs' claims under Section 1692f(1).

### 2. SECTION 1692e(2)(B)

Section 1692e prohibits a debt collector may not from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A violation of this provision includes the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B).

CB1 argues that it did not represent falsely any right to compensation based on its assertion that the agreement and the law permit the transaction fee. (Doc. 11 at 19–21.) The Magistrate Judge correctly determined that the record could not support any factual determination at this stage of the proceedings. Plaintiffs concede that this claim depends on the survival of Plaintiffs section 1692f(1) claim.

The Magistrate Judge correctly determined that Plaintiffs adequately have alleged a claim stating that CB1 asked for, and collected, an impermissible fee. Plaintiffs, in turn, also adequately have alleged a claim that CB1 falsely represented that it was entitled to collect the fee.

Plaintiffs have alleged in the Complaint that CB1 represented to Plaintiffs in a demand letter that it could collect a 2.5% fee if Plaintiffs paid their debt with a debit or credit card. (Docs. 1 at 3; 12-2.) Plaintiffs also allege that CB1 added a 2.5% fee when Plaintiffs made payments with a debit card. (*Id.*) The Court denies CB1's motion to dismiss Plaintiffs' claim under Section 1692e(2)(B).

**COUNT 2: MCPA CLAIM**

CB1 argues that the Court should dismiss Plaintiffs' MCPA claim. Plaintiffs adequately have alleged that CB1 charged a 2.5% fee, and that the law does not permit the fee. This claim involves the same conduct at issue that supports the Plaintiffs allegations under the FDCPA. The Court next must determine whether to allow these claims to proceed as a class action.

Under the MCPA, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce prove unlawful. Mont. Code Ann. § 30–14–103. Montana's consumer protection statutes explicitly prohibit, however, class-action treatment of claims under the statute. Mont. Code Ann. § 30–

14–133(1). Federal Rule of Civil Procedure 23, by contrast, provides the procedure used in federal courts to determine whether a plaintiff may bring a certain action as a class action. Rule 23 appears to conflict with Montana's consumer protection statute prohibiting class actions.

The Supreme Court addressed the conflict between Rule 23 and a state statute prohibiting class action suits in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). The Supreme Court determined that Rule 23 preempted a New York state law that prohibited class actions in cases that seek penalties or statutory minimum damages. *Id*. at 398–407. The Court issued a plurality decision, with a concurring opinion, that joins the plurality in part.

The Supreme Court previously has stated that when a "fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. U.S.*, 430 U.S. 188, 193 (1977) (internal quotation omitted). This standard requires that the narrowest opinion actually be the "logical subset of other broader opinions," such that it embodies a position "implicitly approved by at least five Justices who support the judgment." *Lair v. Bullock*, 697 F.3d 1200, 1205 (9th Cir.

2012) (*quoting King v. Palmer*, 950 F.2d 771, 781 (D.C.Cir.1991) (en banc)) (alteration in original).

Many courts have interpreted the concurring opinion in *Shady Grove* to constitute the narrowest grounds, and thus the controlling approach. *See e.g., Friedman v. Dollar Thrifty Automotive Group, Inc.*, 2015 WL 8479746 (D. Colo. Dec. 10, 2015); *In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154 (D. Minn. 2014); *Phillips v. Philip Morris Companies Inc.*, 290 F.R.D. 476 (N.D. Ohio 2013); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390 (S.D.N.Y. July 18, 2011); *Tait v. BSH Home Appliances Corp.*, 2011 WL 1832941, at *8–9 (C.D. Cal. May 12, 2011); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642 (E.D. Mich. March 11, 2011); *In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670 (E.D. Pa. Dec. 22, 2010); *Bearden v. Honeywell Intern. Inc.*, 2010 WL 3239285 (M.D. Tenn. Aug. 16, 2010).

Other courts have disagreed. These courts instead have continued to apply pre-*Shady Grove* approaches. *See e.g., Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours and Co.*, 2015 WL 4755335, at *21 (N.D. Cal. Aug. 11, 2015); *In re Hydroxycut Mktg. and Sales Practices Litig.*, 299 F.R.D. 648, 653 (S.D. Cal. 2014); *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *20 (N.D. Cal. Oct. 2, 2014).

No Montana court has addressed specifically the conflict between MCPA class action prohibition and Rule 23. The Ninth Circuit likewise has never addressed the issue. Those few federal district courts that have addressed this issue have reached inconsistent results. *Compare In re Hydroxycut Mktg. and Sales Practices Litig.*, 299 F.R.D. 648, 653 (S.D. Cal. 2014) *with In re Target Corp. Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1163-64 (D. Minn. 2014).

The district court in *Hydroxycut* applied the pre-*Shady Grove* approach to determine whether the application of a federal rule violates the Rules Enabling Act. *Hydroxycut*, 299 F.R.D. at 653. This approach looks to whether the application affects only the process of enforcing litigants' rights rather than the rights themselves. *Freund v. Nycomed Amersham*, 347 F.3d 752, 762 (9th Cir. 2003) (quoting *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 8 (1987)).

Other courts in the Ninth Circuit similarly have declined to follow the concurrence in *Shady Grove* as the controlling approach. These courts have concluded that similar class action prohibitions prove procedural in nature. *See Los Gatos Mercantile, Inc.*, 2015 WL 4755335, at *21; *In re Lithium Ion Batteries Antitrust Litig.*, 2014 WL 4955377, at *20 n. 20; *In re Hydroxycut Mktg. and Sales Practices Litig.*, 299 F.R.D. at 653; *In re Optical Disk Drive Antitrust Litig.*, 2012 WL 1366718, at *8 (N.D. Cal. Apr. 19, 2012).

The Court will look only to the part of Justice Scalia's opinion to which five Justices joined, and the pre-*Shady Grove* approach in the Ninth Circuit, to determine whether application of a federal rule violates the Rules Enabling Act. Application of Rule 23 affects only the process of enforcing the litigants' rights. The same MCPA provision that prohibits class actions also provides for minimum statutory damages. Mont. Code Ann. § 30–14–133(1). The prohibition alters only the procedural means by which that remedy may be pursued. The class action prohibition itself does not add, subtract, or define any of the necessary elements of the claim. *See Freund*, 347 F.3d at 762. Each individual plaintiff could proceed with a suit under the MCPA and receive the same remedy regardless of whether the plaintiff brought suit individually or as part of a class action.

"Rule 23 permits all class actions that meet its requirements." *Shady Grove*, 559 U.S. at 401. A state cannot limit this permission to proceed with a class action in federal court "by structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements." *Id*.

For these reasons, the Court agrees with the Magistrate Judge's determination that the MCPA class action prohibition remains procedural in nature and that Rule 23 applies to determine whether a claim may be brought as a class action. The Court also determines that Plaintiffs adequately have stated a claim under the

MCPA. The Court denies CB1's motion as to the MCPA claim. Any questions regarding the scope of the proposed class properly would be reserved for Plaintiffs' Motion to Certify a Class. *See Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012).

**MOTION TO STRIKE**

CB1 also argues that the Court should strike paragraphs 43 through 49 of the Complaint because Montana law prevents Plaintiffs from representing a class of individuals under the MCPA. (Doc. 11 at 23–24.) For the reasons discussed above, the Court determines that the MCPA's class action prohibition does not apply in federal court. The Court denies CB1's request to strike paragraphs 43 through 49.

Accordingly, **IT IS ORDERED** that the Findings and Recommendations of Magistrate Judge Otsby (Doc. 33) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that CB1's Motion to Dismiss (Doc. 10) is **DENIED.**

**DATED** this 1st day of June, 2016.

Brian Morris
United States District Court Judge