## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement (the "**Agreement**" or the "**Settlement**") is entered into by and among William Wittman and Amber Bellamy (collectively, "**Plaintiffs**"), for themselves and the Settlement Class (as defined below), on the one hand, and CB1, Inc. ("**CB1**"), on the other hand, to resolve the action entitled *Wittman v. CB1, Inc.*, United States District Court for the District of Montana, Billings Division (the "**Court**"), Case No. CV-16-0281 (the "**Litigation**"). CB1, Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class against CB1 in the Litigation shall be settled, compromised and released upon the terms and conditions contained herein.

## RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

**Nature of the Litigation.** On October 22, 2015, Plaintiffs, individually and on behalf of a putative class, filed a Complaint in the Litigation seeking actual and statutory monetary damages, and declaratory relief, against CB1 based on CB1's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* and the Montana Consumer Protection Act, § 30-14-101, *et seq.* Mont. Code Ann.

In particular, Plaintiffs alleged that CB1 misled Plaintiffs and putative class members in debt collection communications as to CB1's ability to collect a surcharge on credit and debit card payments, and improperly collected such surcharges when Plaintiffs and putative class members made payments to CB1 using a credit or debit card.

**Denial of Liability.** CB1 denied liability to Plaintiffs and the putative class for the claims alleged, but now considers it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Agreement, in order to avoid the burden, expense, risk and uncertainty of continuing these proceedings.

**Meditation of Dispute.** After briefing a motion to dismiss, obtaining a decision on that motion and conducting discovery, Class Counsel and CB1 mediated this dispute with a private mediator on November 1, 2016, and in connection therewith, submitted detailed confidential mediation briefs, engaged in extensive, good faith arm's length negotiations concerning settlement and reached a settlement in principle. This Agreement resulted from, and is the product of, those court proceedings, written discovery and private mediation.

**Opinion of Counsel.** John Heenan, of BISHOP, HEENAN & DAVIES, and D. Michael Eakin, of EAKIN, BERRY & GRYGIEL, PLLC, (collectively, "**Class Counsel**") investigated the facts and law underlying the claims asserted in the

2

Litigation, and requested and reviewed data and documents produced by CB1. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the Settlement Class, Class Counsel considers it to be in the best interest of the Settlement Class to enter this Agreement.

**Plaintiffs' Assent to Settlement.** Plaintiffs, individually and on behalf of the Settlement Class, desire to settle the Litigation upon the terms and conditions set forth in this Agreement. In doing so, Plaintiffs, individually and on behalf of the Settlement Class, have taken into account the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this Agreement and the likelihood that the Litigation will be further protracted and expensive, with no guarantee of success.

**No Admission.** The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims without trial or adjudication of any issue of fact or law. This Agreement and any exhibits hereto are inadmissible as evidence against any Party except to enforce the terms of the Settlement. This Agreement is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

3

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and CB1 agree to the Settlement, subject to approval by the Court, as follows:

<u>**TERMS**</u>

1.    <u>**Effective Date.**</u> This Agreement shall become effective (hereinafter the "**Effective Date**") upon (1) the Court's entry of a final order approving this Agreement as fair, reasonable and adequate to the Settlement Class and dismissing the claims of Plaintiffs and the Settlement Class against the Released Parties (as defined below) with prejudice (the "**Final Approval Order**"); and (2) the expiration of five (5) days after the time the Final Approval Order becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Final Approval Order, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement.

2.    <u>**Conditional Certification of the Settlement Class.**</u> Solely for the purposes of settling the Litigation, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of a class that consists of the following: "All persons who, during the period October 22, 2013 to the date of Preliminary Approval, paid a surcharge for credit or debit card use in making a

4

payment to CB1" (the "**Settlement Class**"). Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is CB1 precluded from challenging class certification in further proceedings in the Litigation or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in the Litigation or in any other action. No agreements made by or entered into by CB1 in connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Litigation or any other judicial proceeding.

3.    <u>Size of Class, Class Representatives and Class Counsel.</u> There are approximately 11,709 members of the Settlement Class including the named Plaintiffs, who collectively paid approximately $96,000 in surcharges on credit and debit card payments to CB1. The identities of the Settlement Class members were obtained through a search of CB1's records for the relevant time period. The parties stipulate that Plaintiffs Wittman and Bellamy shall be appointed as Settlement Class representatives pursuant to Federal Rule of Civil Procedure 23(g). John Heenan and D. Michael Eakin shall be appointed as Class Counsel.

4.    <u>Relief to the Settlement Class.</u> In settlement of the claims of Plaintiffs and the Settlement Class, CB1 shall pay within 21 days of Preliminary Approval (as defined below) the total cash sum of $400,000 (the "**Settlement Fund**") to the Class Administrator (as defined below) for distribution in accordance with the terms of this Agreement and the further order of the Court. Funding of the Settlement Fund represents CB1's total monetary obligation under the Settlement to pay claims, attorney's fees, costs, expenses and settlement administration costs related to this Litigation. CB1 will not take any position regarding, and will not object to, the Court-approved distribution of the Settlement Fund. CB1 shall not be entitled to any reverter from the Settlement Fund.

Upon approval by the Court, the Administrator will send Settlement Class members who do not opt out of the Settlement Class a check for their pro rata share of the funds remaining in the Settlement Fund. The checks shall be void 60 days after issuance. Any uncashed/unclaimed funds shall be distributed within 14 days after the void date to Family Service, Inc. for use in consumer education and/or debt counseling and assistance.

5.    <u>Release and Released Parties.</u> Plaintiffs and each Settlement Class member, their assigns, heirs, successors, and personal representatives not opting out as of the Effective Date of the Agreement, release and forever discharge CB1 and its predecessors, successors, assigns, agents, representatives, affiliates

6

(including any parent, subsidiary, or division), holding companies, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, servants, representatives, officials, attorneys, associates and trustees (in their capacities as such) ("**Released Parties**") of and from all claims of Settlement Class members relating to (i) the receipt of a letter regarding the payment of a surcharge on a debt or credit card payment, (ii) CB1's collection of a surcharge on a debit or credit card payment, or (iii) a claim that was or could have been asserted in the Complaint arising during the class period. Plaintiffs Wittman and Bellamy provide the same release as the Settlement Class members and further generally release CB1 for any claims, known or unknown, that were made or which could have been made against CB1 for anything of any kind or nature whatsoever that occurred from the beginning of time up through and including the date the Court grants final approval to the Settlement (collectively with the release provided by the Settlement Class, the "**Releases**").

6.     **Agreement Conditioned Upon Court Approval.** If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

7.     **Attorney's Fees, Notice Costs and Related Matters.** Class Counsel's costs, expenses and reasonable attorney's fees shall be paid from the Settlement Fund subject to Court approval. Class Counsel will not request additional fees or costs from Defendant CB1 or the Settlement Class members, and Defendant CB1 will not oppose or cause to be opposed an application for attorneys' fees and costs by Class Counsel. Class Counsel have agreed among themselves as to the division of the fees.

8.     **Administrator.** Kurtzman Carson Consultants ("KCC") shall be retained as the "**Claims Administrator**" to handle distribution of notice and settlement checks to the Settlement Class.

9.     **Notice.** Within 30 days of entry of the "**Preliminary Approval Order**" in the form of Exhibit B, the Claims Administrator shall cause actual notice via a postcard sent by U.S. mail, in the form of Exhibit A (the "**Notice**"), to be sent to the last known addresses of the Settlement Class members, according to Defendant CB1's records. In the event that a Notice is returned as undeliverable and a forwarding address is provided, the Claims Administrator shall forward any such returned Notice to the address provided as soon as practicable.

10.    **CAFA Notice.** The Claims Administrator shall be responsible for timely delivery of all required CAFA notice pursuant to U.S.C. § 1715(b).

11.   **Opt-Out Requirements.** Settlement Class members may opt out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Notice by the opt-out and objection deadline as set by the Court. Exclusion requests must: (i) be signed by the Settlement Class member; (ii) include the full name and address of the Settlement Class member requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the *Wittman* action." No request for exclusion will be valid unless all of the information described above is included. No Settlement Class member, or any person acting on behalf of or in concert or participation with that Settlement Class member, may exclude any other Settlement Class member from the Settlement Class. After the opt-out and objection deadline, no Settlement Class member shall be allowed to object to the Settlement or exclude himself, herself or itself from the Settlement Class or seek to intervene. In its sole discretion and at its sole option, CB1 reserves the right, but not the obligation, to terminate this Agreement if the total number of opt-outs exceeds 235 Settlement Class members.

12.   **Retention of Exclusions.** The Parties shall instruct the Claims Administrator to retain a copy of all requests for exclusion and, upon written request, to provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for

purposes of determining whether a Settlement Class member has properly opted out.

13.   **Preliminary Approval.** As soon as practicable after execution of the Agreement, the parties shall make application to the Court for an order which:

    a.  Preliminarily approves this Agreement;

    b.  Certifies the Settlement Class defined in Paragraph 2 for settlement purposes;

    c.  Appoints William Wittman and Amber Bellamy as class representatives;

    d.  Appoints KCC as Claims Administrator;

    e.  Appoints John Heenan and Mike Eakin as Class Counsel; and

    f.  Schedules a hearing for final approval of the Agreement by the Court.

14.   **Preliminary Approval Order.** The Parties shall request the form of notice attached hereto as <u>Exhibit A</u> and propose the form of Preliminary Approval Order attached hereto as <u>Exhibit B</u>. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

15.   **Final Approval.** At the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness and adequacy of the Agreement, the parties shall request that the Court enter a **"Final Order"** approving the terms of the Agreement as fair, reasonable and adequate, providing

for the implementation of those terms and provisions, finding that the notice given to the Settlement Class satisfies the requirements of due process and Rule 23, dismissing the claims of the named Plaintiffs and the Settlement Class with prejudice and without costs, and finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C.§ 1711 et. seq.

16.    **Release of Attorney's Lien.**   In consideration of this Agreement, Class Counsel hereby waive, discharge and release the Released Parties of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case. Class Counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to agreement with them, and hold the Released Parties harmless from any such claim.

17.    **Miscellaneous provisions.**   The Parties and their attorneys agree to cooperate fully with one another in seeking Court approval of the Agreement, and to use their best efforts to effect the consummation of this Agreement and the Settlement provided for herein. Whether or not this Agreement and the Settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall not be construed as, or be deemed to be, evidence of an admission or concession on the part of CB1 of any liability or wrongdoing whatsoever.

18.     **Objection Requirements.** To be heard at the hearing, the Settlement Class member must make an objection in writing and file it with the Court by the by the opt-out and objection deadline as set by the Court. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Class Counsel – John Heenan, BISHOP, HEENAN & DAVIES, 1631 Zimmerman Trail Billing, Montana 59102; and (ii) CB1's Counsel – James A. Rolfes, REED SMITH LLP, 10 South Wacker Drive, 40th Floor, Chicago, Illinois 60606. The objection must contain (a) information sufficient to demonstrate that the objector is a member of the Settlement Class; (b) include a statement of such Settlement Class member's specific objections; and (c) state the grounds for such objections, as well as identify any documents which such objector desires the Court to consider. Only those specific objections, grounds and documents that comply with the requirements in this paragraph may be presented to the Court.

19.     **No Admissions.** CB1 expressly disclaims and denies any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by CB1 of any liability or wrongdoing by CB1 or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf, and shall not be

construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim released by this Agreement, or of any wrongdoing or liability of CB1; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of CB1 in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed a waiver of CB1's right to challenge class certification if this Settlement for any reason does not become final.

20.     **Evidentiary Preclusion.** Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim released by this Agreement, or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In addition, neither the fact of, nor any documents relating to, CB1's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any

13

purpose whatsoever. The Released Parties may file the Settlement Agreement and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     **Entire Agreement.** The foregoing constitutes the entire agreement between the parties hereto with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

22.     **Counterparts.** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

23.     **Binding Agreement.** Each and every term of this Agreement shall be binding upon and inure to the benefit of Plaintiffs, the members of the Settlement Class, and any of their successors and personal representatives, and shall bind and shall insure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

14

24.    <u>Governing Law.</u> This Agreement shall be governed by and interpreted in accordance with the law of the State of Montana.

25.    <u>Receipt of Advice of Counsel.</u> Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained in the Agreement, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

26.    <u>Notices.</u> Unless otherwise indicated herein, all notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<u>As to Plaintiffs and Settlement Class:</u>          <u>As to CB1:</u>

John Heenan                                             James A. Rolfes
Email: jheenan@bhdlawyers.com                           Email: jrolfes@ReedSmith.com
BISHOP, HEENAN & DAVIES                                 REED SMITH LLP
1631 Zimmerman Trail                                    10 South Wacker Drive, 40th Floor
Billings, Montana 59102                                 Chicago, Illinois  60606

D. Michael Eakin
Email: eakin.406law@gmail.com
EAKIN, BERRY & GRYGIEL, PLLC
2815 Montana Ave.
Billings, Montana 59101



IN WITNESS WHEREOF, the parties hereto have so agreed on December

6, 2016.

Plaintiffs                                              CB1, Inc.

_____              By: _____
William Wittman                                      Cary McNatt, President CB1, Inc.


_____
Amber Bellamy


_____              _____
John Heenan                                           James A. Rolfes
BISHOP, HEENAN & DAVIES               REED SMITH LLP
1631 Zimmerman Trail                          10 South Wacker Drive
Billings, Montana 59102                        Chicago, Illinois 60606
*Attorneys for Plaintiffs*                        *Attorneys for CB1, Inc.*

_____
D. Michael Eakin
EAKIN, BERRY & GRYGIEL, PLLC
2815 Montana Ave.
Billings, Montana 59101
*Attorneys for Plaintiffs*

16

IN WITNESS WHEREOF, the parties hereto have so agreed on December

6, 2016.

Plaintiffs                              CB1, Inc.


_____        By: _____
William Wittman                       Cary McNatt, President CB1, Inc.




_____            _____
Amber Bellamy                          James A. Rolfes


_____
John Heenan                            James A. Rolfes
BISHOP, HEENAN & DAVIES                REED SMITH LLP
1631 Zimmerman Trail                  10 South Wacker Drive
Billings, Montana 59102               Chicago, Illinois 60606
*Attorneys for Plaintiffs*             *Attorneys for CB1, Inc.*


_____
D. Michael Eakin
EAKIN, BERRY & GRYGIEL, PLLC
2815 Montana Ave.
Billings, Montana 59101
*Attorneys for Plaintiffs*

16

# EXHIBIT "A"

**If you made a payment to CB1, Inc. using a credit or debit card on or after October 22, 2013, you may be entitled to a payment from a Class Action Settlement that could affect your rights.**
This Court-Authorized Notice describes your rights and gives information about the proposed Settlement in *Wittman, et al. v. CB1, Inc.*, Case No. 1:15-cv-105-BLG-BMM (D. Montana).

A Settlement Agreement has been reached in a class action lawsuit that alleges CB1, Inc. ("CB1") improperly collected a surcharge for credit or debit card use. You have received this Notice because CB1's records indicate that you paid a surcharge to CB1 on or after October 22, 2013 and, consequently, are a member of a Settlement Class entitled to a settlement payment from a $400,000 Settlement Fund established to pay claims, attorney's fees, costs, expenses and settlement administration costs related to this litigation. The amount paid to each Settlement Class member will be approximately $13.32. If you want to receive this settlement payment, you do <u>not</u> need to do anything further and a check will be mailed to you at your last known address as soon as possible after the settlement becomes final.

You may, however, choose to either (i) exclude yourself from the Settlement Class if you do not want to receive a payment from the Settlement Fund, or (ii) object to the Settlement if you do not want the Court to approve the Settlement. The Court has appointed attorneys to represent the Settlement Class. The attorneys serving as Class Counsel are John Heenan of Bishop, Heenan & Davies, 1631 Zimmerman Trail, Billings, MT 59102 and Mike Eakin of 406 Law, 2815 Montana Ave., Billings, MT 59101. You will not be charged for their work and can contact them at (406) 839-9091 or (406) 969-6001. Class Counsel will request an award for attorney's fees and expenses from the Court that will be paid from the Settlement Fund prior to distributions to Settlement Class members. You also may hire your own attorney to advise you regarding this Settlement, but only at your own expense.

**YOUR OPTIONS:**
• DO NOTHING. A check will be mailed to you as soon as the settlement becomes final. You will waive your right to sue CB1 for collecting a surcharge.
• OPT OUT. If you do not want to participate in the Settlement, you can exclude yourself from the Settlement and keep your right to sue CB1. To exclude yourself from the Settlement, you must send a written request for exclusion postmarked by [[deadline]], to [[claims administrator address]].
• OBJECT. If you do not exclude yourself from the Settlement, you or your lawyer may appear before the Court and object to the Settlement or to Class Counsel's request for an award of attorney's fees. Any objections to the Settlement or the Attorney's Fees Request, along with any supporting material must be postmarked by XXXX and filed with the Court by that date with copies mailed to John Heenan of Bishop, Heenan & Davies, 1631 Zimmerman Trail, Billings, MT 59102 and James A. Rolfes, Reed Smith LLP, 10 South Wacker Drive, Chicago, IL 60605. Untimely objections and material not filed will not be considered.

If you do not exclude yourself from the Settlement, you will be bound by the terms of the Settlement and give up your rights to sue CB1 for any claim relating to the CB1's collection of a surcharge on a credit or debit card payment. The Court will determine whether to approve the Settlement at a Fairness Hearing scheduled to take place on [[date, time]] at the United States District Court for the District of Montana, 125 Central Avenue West, Great Falls, MT 59404.

**This notice is only a summary. Complete details about your rights and options are available at _____.com or by contacting the Claims Administrator at _____. Do not call the Court.**

**FOR MORE INFORMATION PLEASE VISIT THE SETTLEMENT WEBSITE at http://www.[INSERT].com**

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM WITTMAN and AMBER BELLAMY, for themselves and all others similarly situated, | CV-15-105-BLG-BMM |
| Plaintiffs, | |
| vs. | **PRELIMINARY APPROVAL ORDER** |
| CB1, INC., | |
| Defendant. | |

This matter coming before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of a Class Settlement and Conditional Certification of a Settlement Class, the Court being fully advised, and for good cause appearing therefrom,

IT IS HEREBY ORDERED:

1.      The Court finds that the proposed Settlement is reasonable, fair, and adequate and grants preliminary approval to it.

2.      For the purposes of settlement, the Court certifies a Settlement Class pursuant to F. R. Civ. P. 23 that consists of all persons who, during the period October 22, 2013 to the date of preliminary approval, paid a surcharge for credit or debit card use in making a payment to CB1.

3.      Plaintiffs William Wittman and Amber Bellamy are appointed as Settlement Class Representatives.  John Heenan and Mike Eakin are appointed as Class

Counsel pursuant to F. R. Civ. P. 23(g).  Kurtzman Carson Consultants is appointed as Claims Administrator.

    4.     A hearing on the fairness and reasonableness of the Settlement and whether final approval shall be given to it will be held before this Court on _____, 2017.

    5.     The Court approves the proposed form of Notice to the Settlement Class, to be directed to the last known address of the Settlement Class members as shown on Defendant's records.  The Claims Administrator will mail, or cause to be mailed, notice to Settlement Class members within 15 days of the entry of this Order.

    6.     The Court finds that mailing of the Notice is the only notice required and that such Notice satisfies the requirements of due process and F. R. Civ. P. 23(c)(2)(B).

    7.     Settlement Class members shall have 45 days from the date the Claims Administrator mails the Notice to opt out or object to the proposed settlement.  Any objection must include the name, address and contact information of the party and/or the party's lawyer and a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Settlement Class. Objectors who have filed written objections to the Settlement may also appear at the hearing and be heard on the fairness of the Settlement.

    DATED this ___ day of December, 2016.


                                 _____
                                 Brian Morris
                                 United States District Court Judge