IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIAM WITTMAN and AMBER BELLAMY, for themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CB1, INC.,<br><br>    Defendant. | CV-15-105-BLG-BMM<br><br><br>**FINAL APPROVAL ORDER** |

**WHEREAS,** on December 20, 2016, the Court entered an Amended Preliminary Approval Order preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Doc. 70);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement;

and (2) whether judgment should be entered dismissing this action entitled *Wittman v. CBI, Inc.*, United States District Court, District of Montana, Billings Division, Case No. 1:15-cv-00105-BMM (the "Action") with prejudice;

**WHEREAS,** a Final Approval Hearing was held on May 24, 2017. Prior to the Final Approval Hearing, Plaintiffs supplied the Court with evidence that the Class Administrator complied with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award.

**NOW, THEREFORE,** the Court, having heard the presentation of Class Counsel and counsel for Defendant CB1, Inc. ("CB1"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.     The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.     The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.     The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4.     There are no objections and three opt outs to the Settlement.

5.     The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons who, during the period October 22, 2013, to the date of preliminary approval, paid a surcharge for credit or debit card use in making a payment to CB1.

The Court has been informed that there are approximately 11,709 members of the Settlement Class.

7. The Court finds that the plan for Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances; provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing; and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8. The Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the best interests of the Settlement Class. The Settlement Agreement is therefore approved.

9. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. Within the time period set forth in the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various

Settlement Class members pursuant to the terms and conditions of the Settlement Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally, and forever released, relinquished, and discharged CB1 and the Released Parties from all claims that were or could have been asserted in the Action, as specified in the Settlement Agreement.

12. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of, or in addition to, those provided by the Settlement Agreement.

13. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts,

agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the receipt of a letter regarding the payment of a surcharge on a debt or credit card payment, or CB1's receipt of a surcharge on a debit or credit card payment, as set forth in the Settlement Agreement.

14. The Class Administrator shall be paid its incurred expenses from the settlement fund.

15. Class Counsel requested an award of reasonable Attorney's Fees and Costs in the amount of $215,262.19. The Court hereby grants Class Counsel an award of reasonable Attorney's Fees and Costs in the amount of $215,262.19.

16. Class Counsel applied for an Incentive Award for Plaintiffs in the amount of $5,000.00 each. The Court further grants Class Counsel's application for an Incentive Award for Plaintiffs in the amount of $5,000.00 each. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

17. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves

jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

18. The Court hereby approves the distribution of the remaining value from the Settlement Fund to Family Service, Inc.

DATED this 24th day of May, 2017.

Brian Morris
United States District Court Judge